IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD, | No. 2:25-cv-00919-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF REDDING POLICE DEPT., et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1, and Plaintiff's motion to compel, ECF No. 3.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

///

1  Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2  ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3  Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See
4  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6  and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7  Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8  defendants which support the claims, vague and conclusory allegations fail to satisfy this
9  standard. Additionally, it is impossible for the Court to conduct the screening required by law
10 when the allegations are vague and conclusory.

**I. PLAINTIFFS ALLEGATIONS**

13  Plaintiff filed the original complaint, a motion to proceed in forma pauperis, and a
14 motion to compel on March 24, 2025. See ECF Nos. 1, 2 and 3. Plaintiff alleges violations of his
15 Fifth Amendment and Fourteenth Amendment rights along with violations of Brady v. Maryland,
16 373 U.S. 83, 87 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972). See ECF No. 1, pg.
17 3. In the form complaint, Plaintiff contends that Redding Police initiated a traffic stop that
18 resulted in the use of excessive force that caused bodily harm, false imprisonment due to racial
19 discrimination, and then denied Plaintiff medical attention to cover up the use of excessive force.
20 See id. at 5. According to Plaintiff, he filed a complaint with the Police Department for that traffic
21 stop and then, the Police retaliated against Plaintiff by filing "fabricated charges" which the
22 District Attorney is pursuing. Id. Plaintiff also contends that he made requests for disciplinary
23 records from the police department and the District Attorney "has been non-compliant with
24 disclosing Brady and Giglio material." Id. Plaintiff attaches forty-five pages of exhibits which
25 include the complaints Plaintiff filed and Plaintiff's requests for public records. See id. at 7-52.
26 For relief, Plaintiff "seeks an (sic) dismissal of the charges due to prosecutorial misconduct." Id.
27 at 6.
28 / / /

## II. DISCUSSION

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court. See Younger, 401 U.S. at 49-53.

Here, Plaintiff broadly asserts that "Redding Police Officers . . . conducted an illegal traffic stop" and the "DA. Picks up the case with no legal basis," asserting a claim of malicious prosecution. ECF No. 1, pg. 5. Included in the relief Plaintiff seeks is a dismissal of the charges against Plaintiff. See id. at 6. Plaintiff's complaint thus indicates that the state criminal proceeding from which these claims arise are ongoing. As such, Younger abstention would be appropriate. Because it is not entirely clear if the state proceedings have concluded, Plaintiff will be provided leave to amend.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

    Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's original complaint, ECF No. 1, is dismissed with leave to amend; and

    2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  June 3, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4