IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF REDDING POLICE DEPT., et al.,<br><br>　　　　Defendants. | No. 2:25-cv-00919-TLN-DMC<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 7, and Plaintiff's motion to compel, ECF No. 3.

　　　　The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

# I. BACKGROUND

Plaintiff filed the original complaint, a motion to proceed in forma pauperis, and a motion to compel on March 24, 2025. See ECF Nos. 1, 2 and 3. Plaintiff's complaint was dismissed with leave to amend because it was not clear if the state proceedings that Plaintiff's allegations arise from had concluded and if they had not, this Court found that Younger abstention may be appropriate. See ECF No. 6. Plaintiff filed an amended complaint on June 18, 2025. See ECF No. 7.

### A. Plaintiff's Allegations

Plaintiff contends that on November 4, 2023, "officers" violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure. ECF No. 7, pg. 3-4. Plaintiff asserts that, based on whether they were located, officers could not have noticed that Plaintiff did not have a front license plate but officers claimed that was the reason for stopping Plaintiff. See id. at 4. According to Plaintiff, he did have a front license plate on his car at the time. See id. Further, Plaintiff asserts that his GPS contradicts the officer's statements about where Plaintiff was at the time. See id. at 7. Plaintiff contends this stop resulted in a "fishing expedition," while Plaintiff "was being detained unlawfully without legitimate legal basis or probable cause." Id. at 4. Plaintiff asserts that he has no criminal record, is a retired Army Veteran, and posed no threat

to the safety of the officers or others. Id. According to Plaintiff, when he asked if he was free to go, officers "shift[ed]" their stated reason for the stop as being the tint of Plaintiff's windows and then began "using the 'He Fits The Description' tactic." Id. Plaintiff asserts that refusing to let Plaintiff leave violated Plaintiff's right to due process. Id. at 9.

Plaintiff characterizes this stop as racial profiling and asserts officers "unconstitutionally arrest[ed] the plaintiff for the sole purpose of taking the plaintiff to their jailhouse." Id. at 5. Plaintiff asserts that the arresting officers obstructed justice by bringing a false criminal matter in court, in an effort to silence Plaintiff. Id. According to Plaintiff, officers falsified reports that were then used in court to initiate a criminal matter against Plaintiff. Id. at 7. Plaintiff provides what he alleges is Officer Dahnke and Officer Upshaw's false report. See id. Plaintiff asserts that this was done in retaliation, as "a means to interfere with the legal process of a federal lawsuit filed against their department." Id. Plaintiff contends that this instance is one within a "Pattern-Of-Practice of Civil Rights Violations" by Redding Police Department. Id. at 8. Plaintiff asserts that the officers' actions "may be considered criminal." Id. at 14.

Plaintiff next describes actions he has taken in state court to make "'Pitchess motions'" for impeachment material, but Plaintiff asserts that such motions have been denied. Id. Plaintiff contends that the arresting officers "are in fact on the 'Brady List.'" Id. Plaintiff contends that the officers "have a substantial history of false arrests, illegal traffic stops, and falsified report writing, excessive use of force." Id. at 15. Plaintiff explains that "this is why the Plaintiff requested the impeachment records of both defendants Dahnk and Upshaw.[1]" Id. Plaintiff asserts that the City District Attorney's failure to provide Plaintiff these documents violates Plaintiff's Fourteenth Amendment right to due process and equal protection under Brady v. Maryland, 373 U.S. 83, 87 (1963). See id.

/ / /

/ / /

---

[1] Arresting Officers Dahnk and Upshaw are not named Defendants in this action. the Court takes judicial notice of Plaintiff's other case filed in this district, arising from the same November 4, 2023, arrest of Plaintiff, which does name Dahnk and Upshaw as Defendants. See 2:24-cv-00978-TLN-AC.

Plaintiff asserts that "the Prosecutor knows the charges are false, or should have known the charge was falsified." Id. at 14. Plaintiff contends that the state criminal court "provided no avenue or venue for Plaintiff to fight for his constitutional rights" and "has continuously stripped the Plaintiff of Due Process protections to ensure a conviction under the false charge." Id. Plaintiff asserts that the state criminal court "is acting in a 'Lawless Manner'. And when this happens Federal Courts have Jurisdiction to Intervene . . . as it is an exeption (sic) under the Younger Abstention Doctrine." Id. Plaintiff further states that the state criminal court "clearly demonstrated they do not have the moral, or ethical capability of providing proceedings, and following the Law, and Constitution by protecting those rights . . ." Id. at 15. Plaintiff contends that this presents "extraordinary circumstances that would make abstention inappropriate." Id.

### B. Plaintiff's Motion to Compel

Plaintiff filed a motion to compel what Plaintiff characterizes as "Brady and impeachment material." See ECF No. 3. Plaintiff asserts that he brings the motion under "the Public Records Request Act, Brady Rule, and Giglio Rule." Id. at 2. Plaintiff contends that he has sought this information throughout the court proceeding in Shasta County Superior Court but there was "zero to little interest in enforcing the Plaintiff's Constitutional Rights to these Records." Id. Much of Plaintiff's motion to compel summarizes the allegations within Plaintiff's complaint and requests the same relief Plaintiff seeks in his complaint. See id. generally.

## II. DISCUSSION

### A. *Younger* Abstention

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). Younger established that federal courts

4

must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court. See Younger, 401 U.S. at 49-53.

Younger abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. Gilbertson, 381 F.3d at 981. But where monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending. Id. at 981-82.

Plaintiff was provided leave to amend because the Court could not determine if there were ongoing state criminal proceedings which would necessitate Younger abstention. See ECF No. 6. In this amended complaint, Plaintiff does not clarify whether the proceedings are ongoing but instead argues that Younger abstention is not appropriate given the egregious constitutional violations Plaintiff is suffering. The information Plaintiff provides indicates state criminal proceedings are ongoing. Plaintiff requests injunctive relief to dismiss the criminal charges against him, a declaration stating that his arrest was unlawful, and a declaration ordering Shasta County District Attorney "to cease engaging in further misconduct, and civil rights violations. To end all harassment of the Plaintiff including "Unlawful Prosecution." ECF No. 7, pg. 16. Additionally, Plaintiff seeks "monetary relief." Id.

To the extent that state criminal proceedings are ongoing, and Plaintiff seeks declaratory and injunctive relief, Younger abstention is appropriate. Plaintiff argues that the state court is "acting in a 'Lawless Manner,'" and such actions present "extraordinary circumstances that would make abstention inappropriate." Id. at 14-15. Plaintiff is correct that even if the requirements of Younger abstention are met, abstention is not appropriate in the situation of "bad faith prosecution or harassment" nor if "a statute is flagrantly and patently violative of constitutional prohibitions." World Famous Drinking Emporium, Inc. v. Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) (citing Younger v. Harris, 401 U.S. 37, 47-54 (1971).

Here, Plaintiff does not allege his charge was the result of a patently unconstitutional statute. Additionally, as currently pled, Plaintiff's allegations do not rise to the level of bad faith prosecution nor harassment. Plaintiff does not explicitly state what charges were

1   asserted against him. For example, the complaint cites a number of criminal laws and makes
2   statements such as "improper use of 148. (a) (1) p.c. charges to silence the victim of excessive use
3   of force." See ECF No. 7, pg. 6. However, the complaint does not state that Plaintiff was charged
4   with a violation of Cal. Penal Code 148.
5           Additionally, Plaintiff contends that "the Prosecutor knows the charges are false,
6   or should have known the charge was falsified." ECF No. 7, pg. 14.  However, Plaintiff does not
7   explain how "the Prosecutor" should have had such knowledge, beyond making the claim that the
8   officers who arrested Plaintiff are on "the Brady list" and "have a substantial history of false
9   arrests, illegal traffic stops, and falsified report writing." Id. at 15.  A conviction can be set aside
10  when a prosector presents knowingly false testimony but here, Plaintiff does not allege that the
11  prosecutor knew the testimony presented was false. See United States v. Necoechea, 986 F.2d
12  1273, 1281 (9th Cir. 1993).
13          Indeed, as discussed below, Plaintiff's original complaint named Stephanie
14  Bridgette, Shasta County District Attorney, as a Defendant but in the first amended complaint, it
15  is not clear if Bridgette was the prosecutor on Plaintiff's case or if Plaintiff is asserting
16  supervisory liability. Additionally, the Court notes that much of Plaintiff's complaint alleges
17  violations of Brady, but Brady obligations merely require the prosecution to turn over exculpatory
18  evidence, including impeachment evidence, before a trial, and it is not clear from the complaint
19  that Plaintiff has had a trial yet. Thus, Plaintiff does not provide sufficient facts for this Court to
20  find Younger abstention is inappropriate.
21          However, to the extent that Plaintiff seeks monetary damages, Plaintiff may be
22  entitled to a stay as to those claims until after the state court proceeding is no longer pending. See
23  Gilbertson, 381 F.3d at 981-982. Given the other deficiencies with Plaintiff's complaint,
24  discussed in the following sections, Plaintiff will be provided leave to amend, and the Court will
25  consider a stay at the time that the complaint presents cognizable claims.
26  / / /
27  / / /
28  / / /

**B.     *Rooker-Feldman* Abstention**

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). For jurisdiction to be barred under Rooker-Feldman abstention, the plaintiff must be both seeking relief from state court judgment and "allege[] a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013); see also Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) ("Rooker-Feldman thus applies only when the federal plaintiff both asserts as her legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").

To determine if a claim for damages arising from a state ruling is barred by Rooker-Feldman, the court must consider whether the alleged damages "flow[] from the judgment." See Blakeley v. Gunderson, No. 23-35061, 2024 U.S. App. LEXIS 1389, at *3-4 (9th Cir. Jan. 22, 2024) (Rooker-Feldman only bars suits for damages "flowing from the judgment" of the state-court); McCoy v. Uale, No. 21-16877, 2022 U.S. App. LEXIS 28912, at *2 (9th Cir. Oct. 18, 2022) ("since McCoy alleges injuries *from* the state court's decision, Rooker-Feldman bars his claims) (emphasis added); see also Hook v. Winmill, No. 22-36065, 2023 U.S. App. LEXIS 33473, at *2 (9th Cir. Dec. 18, 2023) (suits against Judges and the Court are 'de facto' appeals barred by Rooker-Feldman and judicial immunity).

As previously stated, it is not clear whether Plaintiff's criminal proceedings have concluded. However, it appears that Plaintiff is seeking relief from a state court judgment. Plaintiff is advised that relief may not be available if it constitutes a de facto appeal under Rooker-Feldman.

/ / /

/ / /

### C. Causal Link

Plaintiff was previously advised that:

> the complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

ECF No. 6, pg. 3.

The first amended complaint does not provide sufficient facts to link Defendant Stephanie Bridgett to Plaintiff's claims. Plaintiff's allegations do not make clear if Defendant Bridgett is the prosecutor who brought the charges against Plaintiff, because he refers to that individual as "the Prosecutor," rather than their name. Plaintiff will be provided leave to amend to clarify Defendant Bridgett's involvement.

### D. Motion to Compel

Under the Federal Rules of Civil Procedure, a motion to compel may be filed "if a party fails to make a disclosure required by Rule 26(a)." Fed. Rul. Civ. Pro. 37(3)(A). Parties can also seek to compel a discovery response or information related to a deposition. Fed. Rul. Civ. Pro. 37(3)(B) and (C). At this stage of litigation, before the action has even been served on parties, a motion to compel is premature. Accordingly, the undersigned will deny Plaintiff's motion without prejudice to refile in the future.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 7, is dismissed with leave to amend;

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's motion to compel, ECF No. 3, is denied without prejudice.

Dated: September 22, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE