**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL M. WARD,<br>Plaintiff,<br>v.<br>CITY OF REDDING POLICE DEPARTMENT, et al.,<br>Defendants. | No. 2:25-cv-0919-TLN-ICD<br><br>ORDER |

Plaintiff, who is proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. *See Olivas v. Nevada ex rel. Dep't of Corr.,* 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which

support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory. *Id.*

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint, a motion to proceed in forma pauperis, and a motion to compel on March 24, 2025. *See* ECF Nos. 1, 2, and 3. Plaintiff's complaint was dismissed with leave to amend because it was not clear if the state proceedings that Plaintiff's allegations arise from had concluded and if they had not, this Court found that *Younger* abstention may be appropriate. *See* ECF No. 6. Plaintiff filed a first amended complaint on June 18, 2025. *See* ECF No. 7. The Court dismissed the complaint with leave to amend, finding that Plaintiff did not provide enough information for the Court to determine whether *Younger* or *Rooker-Feldman* abstention was inappropriate and that the complaint did not provide sufficient facts to link Defendant Bridgett to Plaintiff's claims. ECF No. 8. On September 30, 2025, Plaintiff filed a second amended complaint, ECF No. 9, upon which this case proceeds.

Plaintiff brings a § 1983 lawsuit claiming he was arrested and that a prompt judicial determination of probable cause was not provided following his warrantless arrest. ECF No. 9 at 2. Plaintiff also claims he is a victim of malicious prosecution and excessive use of force. *Id.* at 3-11. Plaintiff requests the dismissal of "fraudulent charges of 148 PC 2 X as the charges are without merit and lacks a legal basis" as well as "sanctions against defendants." ECF No. 9 at 13.

## II. DISCUSSION

Plaintiff requests the dismissal of "fraudulent charges of 148 PC 2 X as the charges are without merit and lacks a legal basis" as well as "sanctions against defendants." ECF No. 9 at 13.

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004).

*Younger* established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court. *See Younger*, 401 U.S. at 49-53. *Younger* abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. *Gilbertson*, 381 F.3d at 981.

Plaintiff was provided leave to amend his complaint to clarify whether proceedings are ongoing, but he did not provide clarification. *See* ECF No. 8 at 5. Plaintiff's second amended complaint does not confirm the status of proceedings, but his request to dismiss "fraudulent charges of 148 PC 2 X as the charges are without merit" is interpreted by the Court as an admission that the case is ongoing. *See* ECF No. 9 at 13. Because Plaintiff asks for relief from a pending state court proceeding, this Court, pursuant to *Younger*, cannot grant such relief.

Plaintiff further requests the imposition of sanctions upon Defendants. ECF No. 9 at 13. It is unclear to the Court what these sanctions would entail or why they are warranted, other than because Plaintiff is displeased with the results of his state court case. The Court declines to issue sanctions based on actions of parties or non-parties in the pending state court case.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (*en banc*). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. *See* E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. *See id.*

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v.*

*Cassidy*, 625 F.2d 227 (9th Cir. 1980), abrogated on other grounds by *Kay v. Ehrler*, 499 U.S. 432 (1991). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. *See Ferdik*, 963 F.2d at 1260-61; *see also* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's second amended complaint, ECF No. 9, is DISMISSED with leave to amend.
2. Plaintiff shall file a third amended complaint within **30 days** of the date of service of this order.

Dated: November 2, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE